IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BAKER,<br><br>                Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                Defendant. | **8:20CV315**<br><br>**MEMORANDUM AND ORDER** |

This motion is before the Court on the defendant Union Pacific Railroad Company's motion for recusal, Filing No. 409. The motion is based on the Court's questioning of an expert witness in the trial of another case, *Sanders v. Union Pacific*, No. 4:20-cv-3023. The plaintiff has filed a motion to file under seal, Filing No. 413.[1]

The defendant contends that this Court had exchanges during the Sanders trial, not the case currently before the Court, with Dr. John Charbonneau, Union Pacific's Associate Medical Director which would cause a reasonable person to question its impartiality. The defendant asks the Court to recuse itself from this case and any other Union Pacific American with Disabilities cases. Defendant is concerned about comments made by the Court when it asked Dr. Charbonneau some questions "because I can't help myself" and stated that Dr. Charbonneau is "so full of it, Doctor, I can't even stand it []." Filing No. 410-1, at 5:21-22; 12:11-12.

**Legal Analysis**

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Disqualification

---

[1] The Court will grant the motion, however, just for purposes of having a complete record. The Court does not find the arguments of the defendant regarding its inability to settle cases as a result of the comments made in this case to have merit. Consequently, the Court is not going to seriously consider that argument in these circumstances.

1

under 28 U.S.C. § 455(a) is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 434 (8th Cir. 2021). "Section 455(a) sets forth an objective standard for assessing a judge's duty to recuse; the question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013).

"Despite section 455(a)'s broad scope, it does not literally extend to any kind of doubtful behavior." *Id.* "For instance, expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal." *Id.* "A judge's 'actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue. . .. The standard is purely objective," and the inquiry limited to "outward manifestations and reasonable inferences drawn therefrom." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, No. 4:21-CV-01239-LPR, 2022 WL 55500 (E.D. Ark. Jan. 5, 2022), at f.n.19 (E.D. Ark. Jan. 5, 2022). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Exp. Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). "When a party seeks to establish bias or prejudice from court conduct, the party must show that the judge has a disposition so extreme as to display clear inability to render fair judgment." *Melton*, 738 F.3d at 905 (internal quotations and citations omitted). Even where a judge becomes "exceedingly ill disposed" toward a party based upon evidence learned at trial, this burden is not satisfied. *Liteky v. United States*, 510 U.S. 540, 550 (1994).

**Analysis**

The Court has reviewed the parties' submissions and finds that the recusal motion should be denied. First, the alleged impartiality argued by the defendant involves another case. The questioning was outside the presence of the jury and related to an issue unique to the *Sanders* case. There was no excessive interrogation and no injection by the Court into the trial. Second, determining the qualifications to give testimony on particular issues is, in fact, within the province of the Court. The Court had every right to question Dr. Charbonneau[2] about whether he is qualified to interpret the Bruce protocol test and to determine if he is testifying beyond his area of expertise.[3] *See* Filing no. 410-1 at 5:23-25, 7:9-19; 7:25–8:6, 8:23–9:8; 11:19–12:10. The trial lasted 4 days. The questioning by the Court lasted only 13 minutes (this time included an objection by plaintiff which the Court overruled in favor of Union Pacific regarding other discriminatory acts). Fed. R. Evid. 611(a)(1) further requires district courts to ensure examinations of witnesses are "effective for determining the truth." Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. This is because:

> "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by

---

[2] Fed. R. Evid. 614 states:

(a) Calling. The court may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness.
(b) Examining. The court may examine a witness regardless of who calls the witness.
(c) Objections. A party may object to the court's calling or examining a witness either at that time or at the next opportunity when the jury is not present.

[3] There have been a number of cases where Courts have similarly questioned Dr. Charbonneau and Dr. John Holland (Union Pacific medical director) regarding their expertise. See e.g., Campbell v. Union Pacific, 4:18-cv-00522-BLW (D. Idaho 2021); Montgomery v. Union Pacific, *Montgomery v. Union Pac. R.R. Co.*, 848 F. App'x 314 (9th Cir. 2021); Mlsna v. Union Pacific, 3:18-cv-00037-wmc (W.D. Wisc.).

judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Id.* at 551. "Forming judicial opinions on credibility concerning parties and their counsel is expected; in fact, necessary." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 791 n.2 (8th Cir. 2009) (affirming district court's denial of recusal motion); *see also Melton*, 738 F.3d at 906 ("[F]rustration does not establish partiality." "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992) (absent a showing of "pervasive personal bias and prejudice" a judicial ruling "is insufficient to require disqualification"). Third, the defendant's renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) included no allegations of bias or impropriety or the appearance of impropriety. Fourth, the argument made by Union Pacific regarding its inability to settle cases, given this Court's discussion with Dr. Charbonneau, is a red herring, and the Court finds it is frivolous. Fifth, the defendant has not met its burden of showing recusal is required. The defendants have not shown even the appearance of partiality as required by § 455(a) and the relevant caselaw.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion to file under seal, Filing No. 413, is granted.
2. Defendant's motion to recuse, Filing No. 409, is denied.

Dated this 14th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4