IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BAKER,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>      Defendant. | 8:20CV315<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant Union Pacific Railroad Company's (U.P.) motion for reconsideration, Filing No. 417, of that part of the Court's order dated June 14, 2022, Filing No. 415, that granted the plaintiff's motion to file certain settlement documents under seal, Filing No. 413.

I. BACKGROUND

In an earlier motion, Filing No. 409, U.P. moved for recusal, arguing that the Court's conduct in the *Sanders v. Union Pac. R.R. Co.*, No. 4:20-cv-3023, had adversely affected settlements in all cases before this Court involving U.P.'s Health and Medical Services Department. Filing Nos. 409, 410. The plaintiff contended it was unable to refute that argument without filing certain settlement agreements and sought leave to file those agreements under seal. Filing No. 413. This Court denied the motion for recusal and granted the motion to file under seal. Filing No. 415.

U.P. seeks relief under Federal Rule of Civil Procedure 60(b)(5) and (6), arguing that the Court's order denying U.P.'s motion to recuse rendered the settlement agreements issue moot. U.P. again argues that the settlement agreements include confidentiality provisions. The plaintiff counters that U.P has not met its burden to show

1

that exceptional circumstances warrant reconsideration. He also argues that the bases for the Court's order are not moot because he is entitled to develop a full factual record for purposes of appeal. The plaintiff submits evidence that none of the settling plaintiffs have objected to the filing of the documents under seal. Filing No. 420.

I. LAW

In the Eighth Circuit, motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). Under Rule 60(b)(5), a court may grant a party relief from a final order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Subsection (b)(6) provides for relief "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "'Relief under Rule 60(b) is an extraordinary remedy'" and will be justified only under 'exceptional circumstances.'" *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (quoting *Nucor Corp. v. Nebraska Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993)).

"Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law'" warrants revision of the decree. *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). The party seeking relief bears the burden of establishing that changed circumstances warrant relief. *Id.* Likewise, relief pursuant to Rule 60(b)(6) authorizes relief only in "exceptional circumstances." *Watkins,* 169 F.3d at 544. "Exceptional circumstances

are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted).

III. DISCUSSION

The Court agrees with the plaintiff that the defendant has not sustained its burden of showing that reconsideration is necessary. Plaintiff is entitled to develop a full factual record for purposes of appeal in the event the defendant appeals the recusal order. The settling plaintiffs do not object to the filing of the documents under seal. U.P. "opened the door" to the settlement agreements by relying on them to support its recusal motion and cannot now be heard to invoke the confidentiality clauses in the agreements. Accordingly,

IT IS ORDERED that the defendant's motion for reconsideration (Filing No. 417) is denied.

DATED this 1st day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge