IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN BAKER,

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

**8:20CV315**

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant Union Pacific Railroad Company's ("U.P." or "the Railroad") motion to dismiss the plaintiff's disparate impact claim for equitable relief, Filing No. 427. This is an action for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The plaintiff alleges that U.P. imposed unlawful work restrictions that prevented him from returning to work for a year after a fitness-for-duty assessment. The plaintiff's remaining claims are for violations of the ADA under theories of disparate treatment and disparate impact and for failure to accommodate. Filing No. 396, Pretrial Order at 2–8. This action is set for trial on September 19, 2022.

I. BACKGROUND

Plaintiff Baker's claim was originally filed with five other plaintiffs as part of a class action. Filing No. 20, Amended Complaint. This Court's certification of class-action status was reversed by the Eighth Circuit Court of Appeals. Filing No. 307, Memorandum and Order; Filing No. 326; Eighth Circuit opinion; *Harris v. Union Pacific Railroad Co.*, 953 F.3d 1030, 1035 (8th Cir. 2020). The matter was remanded, and this Court later severed the six original plaintiffs' actions and ordered each plaintiff to file an

amended complaint in the related cases. Filing No. 328, Mandate; Filing No. 340, Order; Filing No. 341, Second Amended Complaint.

In his second amended complaint, the plaintiff brought an individual action alleging, *inter alia*, that he had been damaged as a result of the same fitness-for-duty policies and practices that had been challenged in the former class action. Filing No. 341 at 2. He alleges that he experienced lightheadedness outside of work and underwent medical testing in 2014. *Id.* at 7. Pending the results of that testing, Baker asked to be temporarily removed from the list of qualified hostlers. *Id.* The defendant then took Baker completely out of service without pay. *Id.* He further alleges that, although Baker's treating doctors gave him a clean bill of health and his neurologist cleared him to return to work without restrictions, the Railroad's Associate Medical Director imposed work restrictions on Baker that resulted in his removal from work without pay for one year. *Id.* at 7–8. Baker was allowed to return to his job in late 2015. *Id.* at 8. The plaintiff alleges that his removal is consistent with U.P.'s company-wide changes to its fitness-for-duty program under Chief Medical Officer Dr. John Holland. *Id.* at 1–3. In his prayer for relief, the plaintiff asks the Court to enjoin Union Pacific from engaging in the allegedly unlawful employment policies and practices, and seeks an award of backpay, retirement and other benefits, punitive damages and "such other and further relief as the Court deems just and equitable." *Id. at* 13–14.

U.P. earlier moved for summary judgment on all of Baker's claims, including the disparate-impact claim. Filing No. 365. The Court denied U.P.'s motion. Filing No. 382, Memorandum and Order at 20; *Baker v. Union Pac. R.R. Co.*, 580 F. Supp. 3d 647 (8th Cir. 2022). U.P. later moved to bifurcate the trial into two stages—first for the

plaintiff's disparate treatment and failure to accommodate claims, and second for his disparate impact claims—and the Court denied that motion. Filing No. 421, Motion; Filing No. 425, Order. In denying the motion to bifurcate, the Court held: "[t]he facts and evidence that relate to the plaintiff's disparate treatment claims and his disparate impact claim largely overlap," noting that the facts and evidence included "[e]vidence of the defendant's treatment of other individuals pursuant to fitness for duty evaluations that involve the same policies and decision-makers, and have similar effects on other employees." *Id.* at 3-4.

The defendant now moves to dismiss Baker's disparate impact claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). It argues that Baker has no standing to pursue the disparate impact claim because the claim, which entitles the plaintiff only to equitable relief, is moot. It contends that because Baker has returned to his job, he has no current injury that the equitable remedies of front pay or reinstatement can address. The Railroad also argues that injunctive relief is unavailable because it would affect only other employees injured by the allegedly unlawful fitness-for-duty practices, not the plaintiff.

In response, Baker argues that there is a live controversy on front pay and reinstatement in that future benefits are at issue. Further, Baker argues that U.P.'s position miscasts the scope of relief available to victims of disability discrimination. He contends Congress granted courts broad discretion to fashion make-whole relief for victims of workplace discrimination, including individual and programmatic relief. He also argues that "[t]his is especially true when, as here, the Plaintiff alleges—and the

evidence in the record shows—Defendant's discrimination was part of an across-the-board practice of excluding qualified workers."

II. LAW

Congress provided federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all material allegations in the complaint and construe them in favor of the plaintiff. *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 912 (8th Cir. 2020). A court may also consider matters outside the pleadings. *Id.* at 914.

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const., Art. III, § 2. Article III standing requires (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *Dalton*, 967 F.3d at 912. Accordingly, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'") However, "a defendant cannot automatically moot a

case simply by ending its unlawful conduct once sued." *Already,* 568 U.S. at 91. "Otherwise a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id*.

Although the plaintiff has the burden of showing subject matter jurisdiction, *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000), "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not be reasonably expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Under the ADA, a plaintiff can assert claims under both disparate-treatment and disparate-impact theories of liability. 42 U.S.C. § 12112(a); *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) ("Both disparate-treatment and disparate-impact claims are cognizable under the ADA."). Disparate treatment claims are those that require proof and finding of discriminatory motive. *Int'l Bro. of Teamsters v. United States*, 431 U.S. 324, 336 n.15 & 349 (1977). Disparate impact claims, on the other hand, address facially neutral employment policies with a disproportionately adverse effect on a protected class. *Id.* Proof of discriminatory motive is not required under a disparate impact theory. *Id.* at 336 n.15; *Griggs v. Duke Power Co.*, 401 U.S. 424, 430–32 (1973). A claim that an employer has unlawfully used "qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities" is a disparate impact

provision. *Joseph Carrillo v. Union Pac. R.R. Co.*, No. EP-21-CV-00026-FM, 2021 WL 3023407, at *3 (W.D. Tex. July 16, 2021) (quoting 42 U.S.C. § 12112(b)(6)).

The powers, remedies, and procedures set forth in Title VII, 42 U.S.C. § 2000e-5, are extended to any person alleging employment discrimination on the basis of disability. 42 U.S.C. § 12117. The ADA's enforcement mechanisms were patterned after the earlier-enacted Title VII. *Gibson v. Ark. Dep't of Corr.*, 265 F.3d 718, 721 (8th Cir. 2001) ("[I]n drafting the ADA, Congress chose to use existing civil rights enforcement mechanisms."). Equitable relief is authorized under Title VII. 42 U.S.C. § 2000e-5(g)(1) ("[T]he Court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate . . . .").

"A district court is obligated to grant a plaintiff who has been discriminated against . . . the most complete relief possible." *Briseno v. Cent. Tech. Cmty. Coll. Area*, 739 F.2d 344, 347 (8th Cir. 1984). District courts have broad discretion to issue an injunction once discrimination has been established in an employment discrimination case. *Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d 1026, 1028 (8th Cir. 1994). The vindication of the public interest expressed by the Civil Rights Act constitutes an important facet of private litigation under Title VII. *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194, 1201 (7th Cir. 1971) (finding that "no-marriage" rule was not a bona fide occupational qualification for the position of flight attendant and providing relief to others similarly situated). Injunctive relief is especially appropriate where the record does not demonstrate a cessation of the unlawful practices. *United States v. Gregory*, 871 F.2d 1239, 1246 (4th Cir. 1989).

Since the court, in Title VII cases, has a special responsibility in the public interest to devise remedies which effectuate the policies of the Act as well as afford private relief to the individual employee instituting the complaint, an employment discrimination suit may be treated as a class action as to all forms of relief by any class member, and that relief should be available to all who were damaged by the unlawful employment practice regardless of whether they filed charges with the EEOC. *Sprogis,* 444 F.2d at 1202 (affirming the district court's power to consider extending relief beyond the named plaintiff); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 721 (7th Cir. 1969) (finding it was an unlawful employment practice to classify a job as "male" or "female," holding the "relief should be made available to all who were so damaged whether or not they filed charges and whether or not they joined in the suit," and remanding for entry of "such appropriate injunctive orders as may be required to completely eliminate the discriminatory system and any residual effect [of the discriminatory scheme]").

III. DISCUSSION

The Court finds the Railroad's arguments on subject matter jurisdiction, standing, and mootness are unavailing in the context of the Court's broad discretion in remedying employment discrimination. The Court finds that the plaintiff's reinstatement to his job did not render his claim for equitable relief moot under either a disparate treatment or a disparate impact theory. The Railroad has not offered the plaintiff complete relief. There remains an issue on future lost retirement credits, vacation time, and sick leave. The defendant has not met its heavy burden of showing the challenged conduct cannot reasonably be expected to recur.

Also, the Court finds the Railroad's argument that the Court is without authority to issue an across-the-board injunction in an individual case is without merit. *See Taylor v. Jones*, 653 F.2d 1193, 1204 (8th Cir. 1981) (holding that [i]n cases in which a discriminatory atmosphere has been shown, the more common forms of relief, such as reinstatement and back pay, may not be appropriate or adequate, and the district court should fashion injunctive relief to alleviate the unlawful practice before it.) U.P. apparently seeks to use concepts of standing and mootness in an effort to limit the relief the plaintiff can potentially obtain. Baker seeks make-whole relief under disability discrimination in employment statutes. Disparate impact and disparate treatment are separate theories under which the plaintiff can recover. The Court, in its discretion, can fashion relief to remedy past and future discrimination.

Moreover, the Eighth Circuit's denial of class certification does not foreclose injunctive and declaratory relief. U.P. chose to challenge this court's class action certification in the Eighth Circuit. The standards for Rule 23 certification differ from the district court's wide latitude under 42 U.S.C. § 2000e-5(g)(1). Whether the plaintiff is entitled to equitable relief, and the extent and nature of any such relief, will be determined at trial. Accordingly, the Court finds the defendant's motion to dismiss for lack of standing should be denied.

IT IS ORDERED that the defendant's motion to dismiss (Filing No. 427) is denied.

Dated this 9th day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge