IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN BAKER,

           Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

           Defendant.

8:20CV315

MEMORANDUM AND ORDER

This matter is before the Court on defendant Union Pacific Railroad Company's ("U.P.") motion to strike or, in the alternative, supplemental motion in limine, Filing No. 432;[1] This is an action for disability discrimination that is set for trial on September 19, 2022.

U.P. moves under Federal Rule of Civil Procedure 12(f) for an Order striking Alexander Wise from Plaintiff's proposed trial witness and precluding him from testifying at trial. It also asks the Court to strike the plaintiff's proposed Trial Exhibits 61-63. Those exhibits are listed on the plaintiff's witness list as the declaration of Alexander Wise and two eHealthsafe datasets. Filing No. 396, Order on Pretrial Conference ("Pretrial Order"), Pretrial Order at 17. U.P. raised hearsay, foundation, authenticity, relevance, Federal Rule of Evidence 403, and improper expert testimony objections to Trial Exhibits 61-63 in the Pretrial Order. *Id.* Filing No. 396, Pretrial Order at 17, Plaintiff's Exhibit List.

U.P. contends that Mr. Wise is a paralegal at Baker's counsel's law firm, and states that Baker never disclosed him during discovery as someone with knowledge relevant to

---

[1] U.P. states that this motion will be moot if the Court grants its motion to dismiss the plaintiff's disparate impact claim. The court has denied that motion. Filing No. 446, Memorandum and Order.

the lawsuit. It also contends that Wise's purported testimony derives exclusively from voluminous spreadsheets that he received from the plaintiff's counsel and analyzed. It states that "The spreadsheets that Wise aims to testify about identify Union Pacific employees who received medical restrictions and were produced years ago in *Harris v. Union Pacific*."[2] It argues Wise has no foundation to testify to the documents. Further, it argues Wise reached his conclusions after manipulating the data in the spreadsheets, which is properly the subject of expert testimony. The Railroad states that "Baker intends to argue that the sheer number of other employees appearing on the documents suggests something unlawful." Filing No. 433, U.P.'s Brief at 2. The Railroad argues the testimony and spreadsheets will mislead the jury and is overly prejudicial.

In response, the plaintiff characterizes the defendant's motion as a request "to exclude as untimely, or in the alternative as unfairly prejudicial, witness testimony summarizing Defendant's own company data that it produced in discovery and testified about in 30(b)(6) depositions." Filing No. 443, Plaintiff's Response Brief at 1. Baker argues that exclusion of this highly relevant and probative evidence is not warranted because (1) it is procedurally improper under Rule 12(f) because the pretrial order is not a pleading; (2) the motion is untimely; (3) the evidence is relevant to the plaintiff's case; (4) the plaintiff properly disclosed Mr. Wise as a lay witness; and (5) the plaintiff's summary testimony is otherwise admissible and not unduly prejudicial to Defendant.

The plaintiff has shown that Mr. Wise was disclosed as a witness in the summer of 2018. Filing No. 443-1, Declaration of Neil D. Pedersen at 1. Although the Court's

---

[2] *Harris v. Union Pacific* was the caption of the putative class action case before it was severed, so the datasets were produced by Union Pacific discovery in this case.

deadline for Phase I depositions had closed prior to the disclosure, the parties agreed to allow some depositions past that time. *Id.* U.P. did not request to depose Wise. *Id.* The exhibits were addressed in dueling affidavits in the class action proceedings in this case before the claims of individual plaintiffs were severed. *See* Filing No. 248-34, Ex. 96, Declaration of Alexander Wise; Filing No. 261-90, Declaration of Kyle Haynes.

II.   LAW

Federal Rule of Civil Procedure 12(f) reads as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense. 1 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) Under Federal Rule of Civil Procedure 7, only the following pleadings are allowed: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Rule 12(f) does not provide a basis for striking filings, motions, or exhibits that are not pleadings. *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."); *Azzarmi v. 55 Fulton Market*, No. 20CV6835GBDBCM, 2022 WL 3867850, at *2 (S.D.N.Y. Aug. 30, 2022),

*reconsideration denied* 2022 WL 4011179 (S.D.N.Y. Sept. 2, 2022) (stating "Rule 12(f) only applies to 'pleadings.'"). Moreover, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

"Rule 1006 allows a party to 'use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court . . . .'" *Petrone v. Werner Enters., Inc.*, 42 F.4th 962, 969 (8th Cir. 2022) (citation omitted). "But to be admissible as summary evidence, the charts [must] fairly summarize voluminous trial evidence [and] assist the [trier of fact] jury in understanding the testimony already introduced." *Id.*

III.   DISCUSSION

The Court finds the defendant's motion to strike should be denied. First, the defendant's motion is not procedurally proper. The challenged testimony and exhibits are not pleadings that fall within Federal Rule of Civil Procedure 12(f). *See* Fed. R. Civ. P. 7(a). The defendant's motion is more in the nature of an objections that can be interposed at trial. Also, the motion is not timely. This motion was filed on the eve of trial. The Railroad has no explanation—other than its argument that the disparate impact claim is improper or should be dismissed—for failing to act when the plaintiff disclosed Mr. Wise in 2018, and it did not bring the issue to the Court's attention at the pretrial conference on March 10, 2022.

The Court finds U.P.'s claims of surprise are unavailing. The record shows that the Railroad was aware of Wise's testimony in an earlier phase of this case and had time to introduce its own evidence to rebut the testimony. The plaintiff submitted and relied on

the Wise declaration and underlying spreadsheets and datasets in response to the Railroad's motion for summary judgment. The Railroad continues to assert that the plaintiff's disparate impact claim is improper, although the Court rejected that contention several times, denying summary judgment on the issue as well as denying a motion to bifurcate and a motion to dismiss, Filing No. 382, Memorandum and Order at 19; Filing No. 425, Order at 2-3; and Filing No. 446, Memorandum and Order at 7-8. The Railroad's contention that this Court rejected similar testimony in the Sanders case is similarly unavailing.[3] In that case, the plaintiff had abandoned its disparate impact claim. *Sanders v. Union Pac. R.R. Co.*, No. 4:20CV3023, Filing No. 74, Memorandum and Order at 8 (D. Neb. Jan 13, 2022); *id.*, Filing No. 52, Order on Pretrial Conference at 3-6 (D. Neb. Oct 7, 2021).

Wise's testimony relates to evidence produced in discovery by the Railroad. The plaintiff characterizes the challenged exhibits as Federal Rule of Evidence 1006 summaries. The Court is unable to assess the admissibility of the testimony or exhibits in the context of a pretrial motion. The Railroad is free to object to the evidence at trial.

Also, the evidence appears to be relevant, for the most part, to the Court's determination of equitable or injunctive relief and, depending on the evidence at trial, it may be the case that the disparate impact evidence theory is tried only to the court, outside the presence of the jury. Trial courts should be more reluctant to exclude evidence when an issue is tried to the bench than a jury trial. See *Builders Steel Co. v.*

---

[3] The Railroad states that "Baker intends to argue that the sheer number of other employees appearing on the documents suggests something unlawful." Filing No. 433, U.P.'s Brief at 2. It contends this "strategy is identical to one that this Court disallowed in the *Sanders v. Union Pacific*, 4:20-cv-03023 (D. Neb.) trial earlier this year when it recognized that evidence about other employees would 'basically set [the] case up for what's effectively a class action that discusses the policies of UP Railroad . . . .'" *Id.*, Ex. 1B, Sanders trial transcript at 492.

5

*Commissioner*, 179 F.2d 377, 379 (8th Cir. 1950). In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent. *Taylor v. Taylor,* 211 F.2d 794, 797 (8th Cir. 1954); *see also Builders Steel Co.,* 179 F.2d at 379 (noting that the trial court, capable of ruling accurately upon the admissibility of evidence, is equally capable of sifting it accurately after it has been received, and, since findings are based on the evidence that is found competent, material and convincing, there is no harm in the presence in the record of testimony that the court does not find competent or material). Where the court has assumed the role of fact-finder in a bench trial, "the better course" is to "hear the testimony, and continue to sustain objections when appropriate." *Easley v. Anheuser-Busch, Inc,* 758 F.2d 251, 258 (8th Cir. 1985).

The parties are admonished to approach the bench before adducing the evidence. Accordingly,

IT IS ORDERED that the defendant's motion to strike (Filing No. 432) is denied.

Dated this 12th day of September 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge