IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | 8:20CV315<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's motions in limine: 1) to sequester witnesses, Filing No. 383; 2) to preclude evidence of train accidents, Filing No. 385, 3) to preclude evidence of FMLA leave, Filing No. 387; 4) to preclude evidence of the ability to grieve the adverse actions, Filing No. 389; 5) to preclude evidence of railroad retirement income and his wife's income, Filing No. 391; and on defendant Union Pacific Railroad Company's ("U.P.") motion in limine Numbers 1-14, Filing No. 394.  This is an action for disability discrimination that is set for trial on September 19, 2022.

I. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment.  *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.*; *see also Luce v. United States*, 469 U.S. 38, 40 (1984) (stating that the key function of a motion in limine is to preclude prejudicial

evidence before the evidence is actually offered). In many instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

Courts are guided by Federal Rules of Evidence 401 and 403 in resolving these motions. A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if the evidence is relevant, a court may preclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Generally, "a 'treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her personal knowledge of the examination, diagnosis and treatment.'" *Poster v. Marriott Int'l, Inc.*, No. 8:04-cv-534, 2005 WL 8175919, at *1 (D. Neb. Oct. 25, 2005) (quoting *Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001)); *see also Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (stating that "[a] treating physician, even when

testifying as a lay witness, may state 'expert' facts to the jury in order to explain his testimony" (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.08 (Joseph M. McLaughlin ed., 2d ed. 1999)). In addition, a lay witness may testify as to any opinion "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding . . . of a fact in issue." Fed. R. Evid. 701. Opinions offered by a lay witness doctor that are based on his experience as a physician are clearly helpful to an understanding of his decision making process in the situation. *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir. 1996).

II. DISCUSSION

    A. Plaintiff's Motions In Limine

    1. Motion to sequester witnesses, Filing No. 383

U.P. does not object to this motion and it will be granted.

    2. Motion to preclude evidence of train accidents, Filing No. 385

U.P. states that it will only offer evidence about two recent accidents (the Goodwell accident and the Arden accident), both of which: (a) involved Union Pacific trains, and (b) played an important role in its decision to temporarily restrict Baker from safety-sensitive work. Baker argues the causes of the train accidents in question are wholly unrelated to the reasons for holding Baker out of work. They argue that the accidents occurred at a time such that the accidents or the findings associated with them could not have played any part in the decision not to allow Plaintiff to continue work. Baker argues the accident evidence is irrelevant, and if relevant, the evidence should nonetheless be excluded under Federal Rule of Evidence 403 because any probative value in this evidence is outweighed by the danger of unfair prejudice. U.P. contends these accidents are relevant

to Union Pacific's direct threat defense and explain why it temporarily restricted Baker from safety-sensitive work.

The Court is unable to evaluate the relevance or admissibility of the accident evidence in the context of a pretrial motion. The evidence may be relevant to provide background for the Railroad's practices or policies. However, generally speaking, it would seem that unless the accident is close on its facts to Baker's situation, it would either be irrelevant or its relevance would be outweighed by the potential of such evidence to confuse the issues, cause undue delay, or waste the court's time. Nevertheless, the Court will reserve ruling until it hears the evidence in context and Union Pacific has had an opportunity to explain the relevance of the evidence. Accordingly, the Court will deny the motion without prejudice to reassertion at trial. The parties should approach the bench before presenting the evidence. The parties' concerns may warrant cautionary or limiting instructions, but the court cannot determine the ambit of such an instruction at this time. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The Court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection at trial.

    3.    Motion to preclude evidence of FMLA leave, Filing No. 387

U.P. does not object to the exclusion of evidence of FMLA leave and states it does not intend to offer evidence on FMLA leave generally. However, it intends to offer evidence on Baker's self-reporting of his medical condition and the leave he was granted specifically for such condition. Baker disputes the Railroad's characterization of the FMLA leave and requests the Court grant Plaintiff's motion as to FMLA leave, with the understanding that the parties each intend to offer evidence pertaining to Plaintiff's removal from work in the fall of 2014 and whether that removal constituted a granting of leave. The Court will grant the motion with that proviso.

4. Motion to preclude evidence of the ability to grieve the adverse actions, Filing No. 389

Union Pacific states it does not intend to offer evidence on Union activities. Accordingly, the motion to preclude that evidence will be granted.

5. Motion to preclude evidence of Railroad Retirement Benefits ("RRB") income and spousal income, Filing No. 391

Union Pacific states it does not intend to offer evidence on Railroad Retirement Benefits or spousal income. Baker responds that U.P.'s characterization of the RRB evidence is too broad and clarifies that although he seeks to preclude evidence of the amount of his RRB income at the time of his removal, he does not seek to preclude all Union Pacific's representations to the RRB about Baker's condition and his ability to work.

The Court cannot evaluate the relevance of that evidence in the context of a pretrial motion. If the evidence pertains to the Railroad's reason for removing Baker from duty, it could be relevant to the plaintiff's claims. Accordingly, the motion will be granted with

5

respect to evidence of the amount of Baker's RRB income at the time of his removal, but denied in other respects, without prejudice to reassertion at trial.

B. Defendant's Motions in Limine, Filing No. 394

1. To preclude arguments or evidence that Union Pacific did not (or was required to) conduct an in-person medical examination of Baker;

Union Pacific is correct that the ADA does not require Union Pacific to conduct an in-person medical examination. The Court will instruct the jury on the law, and the parties will not be permitted to argue to the contrary. Whether Union Pacific conducted a sufficiently individualized assessment of Baker's limitations and abilities is a central issue in the case and is relevant to the plaintiff's disparate treatment and impact claims. *See Sanders v. Union Pacific*, 2022 WL 125066, at \*4 (D. Neb. Jan. 13, 2022); *see also Campbell v. Union Pac. R.R. Co.*, 2021 WL 1341037 (D. Idaho Apr. 9, 2021). The defendant's failure to physically examine Baker could also be relevant to Baker's failure to accommodate claim, insofar as an examination could have identified Baker's limitations and would be probative of the feasibility of reasonable accommodations. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114–16 (9th Cir. 2000.)

Accordingly, the Court will grant the motion to the extent that it precludes evidence or argument that Union Pacific is required by law to conduct the in-person examination but will not exclude evidence that an in-person exam was not conducted. Baker is free to argue that without an in-person exam, the inquiry Union Pacific performed was not sufficiently individualized. The defendant's motion in limine will be denied.

2. Motion to preclude arguments that Baker's lack of episodes or other neurological events since February 26, 2015 suggests Union Pacific made the "wrong" or "incorrect" medical decision

Generally, after-acquired evidence is not admissible for purposes of proving a party's state of mind at the time a decision was made. However, hindsight evidence is not irrelevant per se. Evidence that "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401. The evidence could be relevant to other issues or admissible to refute other evidence. The Court cannot categorically preclude such testimony. Evidence that "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401. Evidence of Baker's health status after February 26, 2015, could be relevant to what his health status actually was at the time Union Pacific held him out of service and to the direct threat and accommodation issues. Evidence will be admitted only on a proper showing of relevance and foundation. Accordingly, the Court will deny the defendant's motion without prejudice to reassertion at trial.

3. Motion to preclude arguments about other ADA lawsuits against Union Pacific, including Dr. Trangle and Dr. Devereaux's experience in other cases

Evidence of other fitness for duty evaluation including the same set of medical policies, the same decision-makers, and similar impacts on other individuals with disabilities that shows a pattern or practice of activity is relevant to establish motive, intent and knowledge and is therefore admissible under Federal Rule of Evidence 404(b). The evidence of past discriminatory policies and practices could be relevant to show pretext. The defendant should have anticipated multiple individual actions across the country that challenge the same policies when it opposed class action certification. The motion in

7

limine will be denied as to closely-related harms. However, the Court will not hold mini-trials on other lawsuits.

    4.    Motion to preclude arguments or evidence of Baker's subjective belief about discrimination

The plaintiff states he does not intend to testify to subjective beliefs and this motion will be granted.

    5.    Motion to preclude arguments or evidence about alleged lost benefits

U.P. contends that Baker has not identified or calculated any alleged lost benefits, and argues that because Baker's own expert admits that she cannot quantify his entitlement to such damages, he should be precluded from seeking that category of damages at trial. It argues that expert testimony is required to prove such damages. Though Baker acknowledges he has not disclosed a calculation of lost retirement benefits, he argues U.P. goes too far in seeking to preclude testimony about Baker's intention to retire after a full career with the Railroad and about his loss of credit with the Railroad Retirement Board because of his removal. The Court is unable to evaluate whether Baker can establish foundation for lost benefits damages in a pretrial motion. Establishing the monetary value of the lost benefits may be outside the knowledge of a lay witness, but Baker should be permitted to testify to the fact that he lost RRB credits and to the impact it had on his economic security. The topic of lost benefits may be relevant to emotional distress damages and/or to equitable relief. The Court will deny the motion at this time, without prejudice to reassertion at trial. The parties should approach the bench before adducing any such evidence. Also, testimony that relates to equitable relief can be presented outside the presence of the jury. The Railroad's concerns can also be addressed, if necessary, in the jury instructions, or in a limiting instruction at trial.

6.  Motion to preclude arguments or evidence about the Federal Motor Carrier Safety Administration ("FMCSA") Guidelines, including alleged removal of the Medical Examiner Handbook from one section of the FMCSA website.

U.P. argues that Union Pacific did not consider FMCSA guidelines or rely on them in reaching Baker's fitness-for-duty decision and contends they are thus irrelevant to the jury's evaluation of that decision. U.P., however, has relied on the FMCSA guidelines to support its revision of its fitness-for-duty program. *See, e.g.*, Filing No. 259, Brief in Opposition to Class Certification at 20-21; *Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616, 624 & 626 n.4 (D. Neb. 2019), *rev'd*, 953 F.3d 1030, 1039 (8th Cir. 2020). The architect of the fitness-for-duty policy at issue in this case, Dr. John Holland, testified as a 30(b)(6) witness that this "policy is based on guidelines from the FMSCA," and that Union Pacific subsequently applied an even more restrictive standard for Plaintiff's condition. *Baker v. Union Pacific Railroad Company*, 580 F. Supp.3d 647 (D. Neb. 2022).

Evidence that relates to the FMCSA standards is relevant to explain the defendant's position and to understand the facts in context. Although U.P. may not have relied on FMCSA standards in connection with this plaintiff, the FMCSA standards are part of the overall picture. The defendant's objections go to the weight rather than the admissibility of this evidence. Any potential confusion or prejudice because the standards no longer appear on the Department of Transportation's website can be addressed in a cautionary instruction.

7.  Motion to preclude arguments or evidence about accommodations that Baker never identified or requested

U.P. contends that Baker should be precluded from presenting evidence on accommodation because it contends he never requested an accommodation. The Court

9

has already rejected the Railroad's argument in ruling on the motion for summary judgment. The availability of a reasonable accommodation is not only part of Baker's reasonable-accommodation claim, but his other claims as well. U.P. has not established that Baker cannot maintain a reasonable accommodation claim. See *Kowitz v. Trinity Health*, 839 F.3d 742, 748 (8th Cir. 2016) (employees are not required to "formally invoke the magic words 'reasonable accommodation'"); *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629, 638–39 (7th Cir. 2020) ("A proposed accommodation is not limited to what the plaintiff introduced into the process[.]"); *see also Sanders v. Union Pac. R.R. Co.*, 2021 WL 4783629, at *9 (D. Neb. Oct. 7, 2021) (request for accommodation not required where "it would have been futile to ask"); *Sanders*, 2022 WL 125066, at * 4 (denying motion in limine on the same topic).

    8.    Motion to preclude arguments that the plaintiff has a "record of" disability

The Court also already rejected Defendant's argument that Baker cannot assert a "record of disability claim." *Baker*, 580 F.Supp.3d at 659 ("Baker has presented evidence from which a jury could conclude that he has a record of disability or was regarded as disabled.") Baker does not allege that he has an actual disability, but that his medical records misclassify him as such. Baker is free to argue that he has a record of disability or was regarded as having a disability. The Railroad's motion in limine will be denied.

    9.    Motion to preclude arguments or evidence about Baker's claim for damages From November 6, 2014 to February 1, 2015

The plaintiff states he does not seek economic damages for the period of time from November 6, 2014, to January 26, 2015, when his neurologist cleared him to return to work for the second time. Union Pacific will agree that if Baker can establish liability, the

10

damages period begins on January 26, 2015. Accordingly, the motion will be granted as to that period of time, but denied with respect to the five-day period to February 1, 2015.

> 10. Motion to preclude an expert opinion that was not disclosed, including opinions from treating providers about the reasonableness of the restrictions placed on the plaintiff by Union Pacific that did not arise in the course and scope of treatment.

U.P. asks the Court to preclude Baker from asking any treating provider about an opinion as to the reasonableness of Union Pacific's medical restrictions since that is expert opinion beyond the scope of treatment. Specifically, it seeks to preclude the testimony of Baker's treating doctor, Dr. Robert Silzer, a neurologist, "as to the reasonableness of Union Pacific's restrictions." Dr. Silzer is a non-reporting expert under Federal Rule of Civil Procedure 26(a)(2)(C). Under that Rule, a party must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The plaintiff has shown that Dr. Silzer was properly disclosed. Filing No. 399, Declaration of Neil D. Pederson, Ex. 1, Expert Disclosures at 2-3.

A treatment provider may properly testify as to the information obtained and the conclusions and opinions made in the course of treating a patient that were necessary to providing care to the patient. The plaintiff argues that Dr. Silzer treated Baker and concluded during his treatment he could safely work his job at Union Pacific without restrictions. Such testimony is fully within the scope of permissible treating doctor testimony.

It appears that the plaintiff does not intend to elicit testimony outside of the proper scope of treating-physician testimony. Accordingly, the Court finds the motion in limine

should be denied at this time, without prejudice to reassertion at trial if testimony exceeds those bounds.

> 11. Motion to preclude arguments or evidence of or reference to pretrial motions, including, but not limited to, discovery motions, motions for summary judgment and motions in limine.

Baker acknowledges that pretrial and discovery matters should be excluded provided that Union Pacific is bound by the same restriction. Union Pacific agrees and the Court will grant the motion to preclude any such testimony.

> 12. Motion to preclude arguments or evidence about discovery disputes, objections to discovery, and assertions of privilege.

The parties agree that pretrial discovery disputes will be excluded.

> 13. Motion to preclude witnesses' opinions that Baker was treated unfairly, or that Union Pacific violated the law

U.P. moves to preclude the plaintiff from "ask[ing] witnesses whether they subjectively feel that [Defendant] treated him unfairly or terminated him on the basis of his alleged disability." Soliciting such testimony is generally improper. However, the plaintiff argues that the testimony of Baker's manager, Chad Bilson, that plaintiff could and should have been returned to work when his doctor cleared him relates to the "fairness" of the defendant's conduct, but is clearly probative and admissible. The Court is unable to assess the parameter's of the challenged testimony in the context of a pretrial motion. It appears that Bilson may have been the person responsible for accommodating Baker. If that is the case, his testimony should be allowed, subject to a showing of foundation and relevance. Accordingly, the defendant's motion will be granted with respect to other witnesses, but denied with respect to the testimony of Chad Bilson, without prejudice to reassertion at trial.

14. Motion to preclude any solicitation of juror promises

U.P. vaguely asks the Court to bar the plaintiff from asking the jurors to promise something. The defendant's concern is not clear to the Court. It is the Court's practice in jury selection to question the prospective jurors first and then to give counsel time for follow-up questions. It may be improper to ask for certain promises, but permissible to ask for others. The Court cannot rule on the motion in the pretrial context. The motion is more in the nature of an objection at trial. Any inappropriate questions can be stricken from the record should the situation arise. Accordingly, the defendant's motion will be denied.

15. Motion to preclude the plaintiff's expert Michael Devereaux's testimony that U.P.'s actions were "punitive"

U.P. seeks an order prohibiting Baker's experts from testifying at trial that U.P.'s evaluation of Baker's fitness for duty was punitive or the result of ill-will. It contends that the issue of intent, motive, or state of mind is a question for the jury and is not proper expert testimony. The defendant's concern has to do, apparently, with a statement by Dr. Devereax at his deposition that the Railroad's treatment of Baker was punitive. Baker argues that the statement does not relate to the Railroad's state of mind, but establishes that the Railroad's conduct was outside the realm of sound medical practice. Again, the Court cannot resolve the dispute without hearing the testimony. The parties are advised to approach the bench before eliciting any such testimony. The Court will not permit testimony that would confuse the jury or cause it to rely on the expert's credibility assessment rather than its own. Accordingly, the motion is denied without prejudice to reassertion at trial.

IT IS ORDERED that the parties' motions in limine (Filing Nos. 383, 385, 387, 389, 391 and 394) are granted in part and denied in part as set forth in this Memorandum and Order.

Dated this 14th day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge