IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BAKER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　Defendant. | 8:20CV315<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on defendant Union Pacific Railroad Company's ("U.P." or "Railroad") motion to strike plaintiff's proposed witness and exhibit lists, Filing No. 444, and on the plaintiff's motion to compel, Filing No. 457. This action for disability discrimination in employment is set for trial on September 19, 2022.

　　　The dispute between the parties in both motions has to do with foundation for Rule 1006 summary evidence. The topic was the subject of an earlier motion to strike and is tangentially related to the defendant's motion to dismiss, both of which were denied. Filing Nos. 446 and 447, orders denying Filing Nos. 427 and 432. The dispute involves documents that the Railroad prepared and produced to the plaintiff. The plaintiff contends that Dr. John Holland, U.P.'s former Chief Medical Officer and the architect of the fitness for duty and reportable events policies at issue in this case, can provide foundation for the documents that underlie the summary evidence. Dr. Holland testified as a 30(b)(6) corporate witness in this case and is also one of Union Pacific's retained experts. Filing No. 375-9, Dr. John Holland 30(b)(6) deposition; Filing No. 376-1, Dr. John Holland Rebuttal Expert Report.

1

U.P. asks the Court to strike the plaintiff's amended witness and exhibit lists and to exclude any witnesses or exhibits that were not disclosed in the Court's final Order on Pretrial Conference, including apparent foundation witnesses and Rule 1006 summary evidence.

Baker moves the Court for an order requiring U.P. to either: (1) make Dr. Holland, available for live testimony during the plaintiff's case in chief; (2) make Dr. Holland available by remote means for live testimony during the plaintiff's case in chief; (3) make Dr. Holland available for a brief deposition for the exclusive purpose of authenticating documents; or (4) take judicial notice as to the foundation of U.P. business records. Baker argues that defendant's refusal to stipulate to foundation is a clear tactic to exclude its own business records in the case by arguing lack of foundation.

In support of its motion, the plaintiff has shown that he has made efforts to resolve the dispute and to arrive at a mutual agreement to secure Dr. Holland's testimony. Filing No. 459, Declaration of James H. Kaster, Exs. 1-4. Although Dr. Holland is no longer employed by the Railroad, he is within the Railroad's control and continues to appear in other cases. The subjects of the controversy are records that the Railroad produced in discovery. The Court finds the defendant's unwillingness to provide the plaintiff access to Dr. Holland in order to establish foundation for its own business records, or to otherwise agree to their admissibility, is not reasonable. For the reasons stated in its earlier orders, Filing Nos. 446 & 447, the Court finds that the defendant's motion to strike should be denied and the plaintiff's motion to compel should be granted. Accordingly,

IT IS ORDERED:

1.  The defendant's motion to strike (Filing No. 444) is denied;

2. The plaintiff's motion to compel (Filing No. 457) is granted;

3. Defendant Union Pacific Railroad Company shall either 1) make Dr. John Holland available for live testimony at trial during the plaintiff's case in chief; or 2) make Dr. John Holland available by remote means for live testimony in court during the plaintiff's case in chief; or 3) make Dr. John Holland available for a brief deposition for the exclusive purpose of authenticating documents; or 4) stipulate to the authenticity of the documents.

Dated this 14th day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge