**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| John Baker,<br><br>        Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>        Defendant. | Case File No. 8:20-cv-00315-JFB-SMB<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL** |

## I. INTRODUCTION

District courts have a duty to order a new trial when the decision reached by a jury is against the weight of the evidence or for any other conduct during trial that would lead to an unfair jury result. The purpose of this safeguard is to ensure the integrity of the judicial system and to protect the parties from unjust outcomes stemming from an unfair trial. Plaintiff is entitled to a new trial here because: (1) the jury's verdict—finding Plaintiff did not make his prima facia case—is against the overwhelming weight of the evidence, and (2) because the Court's jury instructions omitted the proper burden for safety regarding Plaintiff's prima face case and the direct threat defense.

Plaintiff submitted unrebutted documentary evidence signed by Defendant's Chief Medical Officer, Dr. John Holland, showing Defendant reviewed Plaintiff's medical records, concluded Plaintiff had a record of and perceived disability, and as a result, removed Plaintiff from work for one year. The overwhelming evidence further establishes Plaintiff was qualified to work for Defendant. Despite this evidence, the jury found in favor of Defendant, concluding that Plaintiff had not satisfied his burden of proving his prima facie case for record of and perceived disability discrimination. Under the circumstances, the verdict demonstrates that the jury improperly shifted

1

the burden of proof for workplace safety, requiring Plaintiff prove he was safe to work, instead of placing that burden on Defendant, through its direct threat defense.

Plaintiff seeks a new trial on his disparate treatment claims for unlawful record of and perceived disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (*See* Pretrial Order at 3-4, ECF No. 396.) For the reasons set forth below, Plaintiff respectfully requests the Court order a new trial on these claims.[1]

## II. ARGUMENT

A District Court may "grant a new trial on all or some of the issues" after a jury trial is held, "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1). This includes where "the verdict is against the weight of the evidence" and where "for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Children's Broadcasting Corp. v. Walt Disney Co.*, 245 F.3d 1008, 1017 (8th Cir. 2001). In ruling on a motion for new trial, the trial court is not required to view the evidence in a light most favorable to the verdict-winner. *Bates v. Hensley*, 414 F.2d 1006, 1011 (8th Cir. 1969). "[T]he trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris v. Secretary, U.S. Dept. of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997).

The trial court is given very broad discretion in granting a motion for a new trial. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see also* Fed. R. Civ. P. 59(d) (empowering district courts to *sua sponte* order a new trial). This is because the trial court's decision to grant a

---

[1] If the Court deems Plaintiff's motion premature, the Court can order a new trial *sua sponte*, Fed. R. Civ. P. 59(d), or alternatively, deny Plaintiff's motion without prejudice and allow Plaintiff to timely refile the motion after judgment is entered.

new trial "is not in derogation of the right to a trial by jury, but rather in recognition of the historic safeguard to that right." *Tsai v. Rosenthal*, 26 F.R.D. 393, 395 (D. Minn. 1960), *judgment rev'd on other grounds*, 297 F.2d 614 (8th Cir. 1961). The court has the power and the duty to order a new trial whenever, in its judgment, it is required to prevent injustice. 11 Fed. Prac. & Proc. Civ. § 2805 (3d ed.) (citing *Pitts v. Electro-Static Finishing, Inc.*, 607 F.2d 799, 804 (8th Cir. 1979)).

### A. The Verdict Is Not Supported by the Weight of the Evidence.

Against the overwhelming weight of the evidence, the jury concluded Plaintiff did not establish his prima facie case of disability discrimination on his record of disability and perceived disability claims. (Special Verdict Form at ¶¶ 1–2, ECF No. 485; Initial Jury Instructions at Nos. 13A & 14, ECF No. 478); *see also* 42 U.S.C. § 12112(a) (prohibiting employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to [] discharge of employees, [and] other terms, conditions, and privileges of employment"). But Plaintiff presented unrebutted evidence proving all three prongs of his claims of disability discrimination: disability, causation, and qualification. The fact that the jury found in favor of Union Pacific on these elements of Plaintiff's claims shows that the jury relied on improper inferences, tainting the entirety of its decision. Given this plain error in the application of the facts to the law, a new trial is warranted. *See Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 540 (1958); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995) ("[A] litigant may move for a new trial under Rule 59 based on the overwhelming evidence contrary to the verdict without ever previously raising such an objection.")

#### 1. Plaintiff Was Disabled Under the ADA.

First, Plaintiff presented definitive and unrebutted evidence that he was disabled within the meaning of the ADA. An individual can establish he is disabled based on an actual disability, a

record of disability, or being regarded as disabled. *See* 42 U.S.C. § 12102(1). The evidence shows Plaintiff had a record of disability and that Union Pacific regarded him as disabled. (*See* Pl.'s Br. Opp. Def.'s Mtn. Summ. J. at 25-26, ECF No. 373.)

### a. Plaintiff had a record of disability.

Plaintiff had a record of disability. The jury instructions defined a record of disability as a person who has "a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." (Initial Jury Instructions at No. 16, ECF No. 478); *see also* 29 C.F.R. § 1630.2(k)(1); *id.* § 1630.2(k)(2) (whether such a record exists "shall be construed broadly to the maximum extent permitted[.]")

Plaintiff's medical records show a diagnosis of syncope. (Ex. 9 at HARRIS0001672; Ex. 22 at UP 000739; Ex. 26 at UP 000716; Ex. 45 at UP 000757; Ex. 203 at UP 000707; Ex. 206 at UP 000739; Ex. 212 at UP 000757; Ex. 213 at UP 000716.) Syncope, which is the medical term for loss of consciousness, limits the major life activities of caring for oneself, performing manual tasks, seeing, hearing, eating, walking, standing, speaking, concentrating, communicating, and working at the time the person loses consciousness. 42 U.S.C. § 12102(2)(A); *id*. § 12102(4)(D) ("An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.")[2]

Defendant received Plaintiff's medical records reflecting the diagnosis of syncope. (Ex. 48 at UP 000351-UP 000353.) Defendant's internal documents show it concluded Plaintiff had syncope. (*See id.*; Ex. 33.) This includes unrebutted evidence in the form of a "Disability Letter" signed by Chief Medical Officer, Dr. John Holland, concluding Plaintiff was "disabled" because

---

[2] For example, PTSD and epilepsy, both episodic, are *per se* disabilities. 29 C.F.R. § 1630.2(j)(3)(iii).

he had the medical condition of "Syncope." (Ex. 33.) Unrebutted and substantial evidence, therefore, establishes that Plaintiff had a record of disability. *See Baker v. Union Pac. R.R. Co.*, 580 F. Supp. 3d 647, 659 (D. Neb. 2022) ("He clearly has a record of disability[.]")

### b. Union Pacific regarded Plaintiff as disabled.

Union Pacific also regarded Plaintiff as disabled. The jury instructions defined a perceived or "regarded as" disability as "being subjected to a prohibited action because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity." (Initial Jury Instructions at No. 16, ECF No. 478); 29 C.F.R. § 1630.2(l)(1). "[I]nvoluntary leave" is a "prohibited action." *Id.*

After reviewing Plaintiff's medical records that reflected a diagnosis of syncope, (*see supra* Section II.B.1.a.), Defendant issued work restrictions on Plaintiff that the company then used to justify its placement of Plaintiff on indefinite medical leave. (Ex. 48 at UP 000350-UP 000351; Ex. 33.) This includes unrebutted testimony from Chief Medical Officer, Dr. John Holland, stating Plaintiff was "permanently" "disabled from performing his/her regular occupation" as a switchman/hostler "due to the following condition(s): Syncope." (Ex. 33.) Unrebutted and substantial evidence, therefore, establishes that Defendant perceived Plaintiff to have a disability. *See Baker*, 580 F. Supp. 3d at 659 ("[H]e suffered an adverse employment action because U.P. regarded him as disabled[.]")

### 2. Plaintiff Proved Causation: Defendant Issued Work Restrictions and Removed Plaintiff from Work for One Year on the Basis of His Disability.

Second, Defendant removed Plaintiff from work because of his ADA disability. The jury instructions defined causation as follows: "[a] record of disability, or perceived disability is a 'but for' cause of an employment decision if the employment decision would not have occurred without it, but it is not a 'but for' cause if the employment decision would have occurred without the

disability. 'But for' causation does not require that disability was the only reason for the decision made by the defendant." (Initial Jury Instructions at No. 18, ECF No. 478); *see also* 42 U.S.C. § 12112(a) (prohibiting adverse actions "on the basis of disability").

Defendant admitted it issued work restrictions and considered Plaintiff disabled from work as a switchman/hostler because of his record of and perceived disability of syncope. (Ex. 48 at UP 000350-UP 000351; Ex. 33). This evidence went unrebutted at trial. None of Defendant's witnesses disclaimed that Plaintiff's ADA disability was a "but-for" cause of its decision to remove Plaintiff from his job for one year. *See also Baker*, 580 F. Supp. 3d at 659 ("The record shows there is direct evidence of discrimination because the defendant admittedly made the decision to remove him from work for a year based on his perceived syncope.") Plaintiff showed that his record of and perceived disability was the "but-for" cause of his forced medical leave of absence.

### 3. Plaintiff Was a Qualified Individual Under the ADA.

Third, Plaintiff was a qualified individual under the ADA. The jury instructions defined a qualified individual as a person who "could have performed the essential functions [of his job], with or without accommodation, at the time the defendant placed work restrictions on him and did not allow him to return to his job[.]" (Initial Jury Instructions at Nos. 13A-14, ECF No. 478; *id.* No. 17); *see also* 42 U.S.C. § 12111(8); *Canny v. Dr. Pepper/Seven-Up Bottling Grp., Inc.*, 439 F.3d 894, 900 (8th Cir. 2006) (essential functions are "fundamental job duties," not "marginal functions" of the position). Notably, the determination of whether a disabled person is "qualified" for a job "should be based on the capabilities of the individual [] at the time of the employment decision and should <u>not</u> be based on speculation that the employee may become unable in the future." 29 C.F.R. § Pt. 1630, App. (emphasis added.)

Plaintiff was qualified for his position as a switchman/hostler at the time Defendant issued work restrictions. Defendant issued work restrictions on February 26, 2015, one day after the date Plaintiff's own treating neurologist provided Plaintiff full clearance to work without restrictions. (Ex. 48 at UP 000350-UP 000351; Ex. 20.) Plaintiff further provided unrebutted testimony that he could perform the essential functions of his job at that time. (*See* Pl.'s Am. Proposed Findings of Fact ¶¶ 25-42, ECF No. 490.) He provided additional unrebutted testimony that he had worked in his position, or under similar circumstances in similar positions, for years before he was removed, and for years after he was returned in November 2015. The overwhelming evidence establishes Plaintiff was qualified to perform the essential functions of his job. *Canny*, 439 F.3d at 901; *E.E.O.C. v. BNSF Ry. Co.*, 902 F.3d 916, 927 (9th Cir. 2018), *as amended* (Sept. 12, 2018).

The only contrary evidence Defendant introduced was testimony at trial pertaining to whether Plaintiff could safely perform his job because of a risk of future syncopal events. Such evidence is not part of the qualification analysis and is not a plaintiff's burden under the ADA. This is because the "question of whether [a plaintiff] can perform his job safely, so as to be qualified for the position is not part of a plaintiff's prima facie case but goes to whether [an employer] can prevail on its direct threat defense." *Baker*, 580 F. Supp. 3d at 659; *see also E.E.O.C. v. Wal-Mart Stores, Inc.*, 477 F.3d 561, 571-72 (8th Cir. 2007) ("[T]he employer bears the burden of proof [on] the direct threat defense."); (Pl.'s Mem. Opp. Def.'s Mtn. Summ. J. at 31-33, ECF No. 373.) Plaintiff was qualified to perform the essential functions of his job.

### 4. The Overwhelming Evidence Illustrates Jury Confusion that Prejudiced Plaintiff's Right to a Fair Trial.

Despite the overwhelming evidence in favor of Plaintiff's prima facie case of discrimination, the jury issued a verdict that Plaintiff had failed to prove his record of and regarded as disability discrimination claims. (Special Verdict Form ¶¶ 1-2, ECF No. 485.) During trial, the

<u>only</u> evidence submitted to rebut Plaintiff's claims of discrimination, however, related to Plaintiff's ability to work safely based on a speculative risk of future sudden incapacitation. (*See supra* Section II.B.3.) Such evidence is properly applied to Defendant's direct threat defense, not Plaintiff's allegations of disability discrimination. *Baker*, 580 F. Supp. 3d at 659. This indicates that the jury misapplied the facts to the law, and improperly shifted the burden of proof to Plaintiff to prove that he was safe to work. *See Gross v. FBL Fin. Servs., Inc.*, 588 F.3d 614, 617 (8th Cir. 2009) (new trial granted in ADEA discrimination case because jury misapplied burden on causation element of plaintiff's prima facie case of age discrimination).

The jury's decision is furthermore highly suggestive that it did not properly consider Defendant's burden to show that Plaintiff constituted a safety risk, as required under the direct threat affirmative defense. 42 U.S.C. § 12113(a)-(b); *Wal-Mart Stores, Inc.*, 477 F.3d at 571-72; *Henningson v. City of Blue Earth*, 184 F. Supp. 3d 710, 722 (D Minn. 2016) (whether plaintiff could perform essential function is separate from whether defendant can meet burden to show direct threat); *Fahey v. Twin City Fan Cos., Ltd.*, 994 F. Supp. 2d 1064, 1071-73 (D.S.D. 2014) (same); *Campbell v. Union Pac. R.R. Co.*, 2020 WL 5300734, at *5 (D. Idaho Sept. 4, 2020) (an ADA plaintiff "need not prove he was able to safely perform the essential functions of the [] position to establish his prima facie case."); *Toole, v. Metal Servs., LLC*, 17 F. Supp. 3d 1161, 1171 (S.D. Ala. 2014) (the ADA does not require that a person meet each of an employer's established qualification standards to show that they are qualified) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 990 (9th Cir. 2007)).

The "cumulative effect" of these errors prejudiced Plaintiff's substantial rights. *Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 889 (8th Cir. 1998); *see also Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 805 (6th Cir. 2018) (finding reversible error where jury

improperly shifted burden of proof to Plaintiff to prove he mitigated damages despite "uncontradicted and undisputed evidence" of damages and no evidence of failure to mitigate provided by defendant). Plaintiff submitted uncontradicted and undisputed evidence establishing his prima facie case. The Court should therefore grant Plaintiff a new trial.

B. **The Court's Jury Instructions on ADA Qualification Prejudiced Plaintiff.**

Compounding the jury's error in returning a verdict against the weight of the evidence, the Court's sole instruction regarding the "qualified individual" element failed to state that Plaintiff did not have a burden to prove he was safe to work. (Initial Jury Instructions at No. 17, ECF No. 478.) Seizing on this ambiguity, and over Plaintiff's repeated objections to Defendant's attempts to characterize safety as an element of Plaintiff's case, (*see e.g.*, Pl.'s Obj. Def.'s Prop. Jury Instructions at 5, ECF No. 470), Defendant argued in closing that it was Plaintiff's burden to establish he was safe to work:

> Now, what they're claiming here is Union Pacific intentionally discriminated against Mr. Baker[.]
>
> But one – and he has the burden of proof on this. And one of the elements he has to prove is that he's qualified, that he's able to perform the essential functions of the job. []
>
> So let's look at the first thing. Ability to perform the essential functions of the job. Safety is something you can consider in safety-sensitive jobs. He agreed he had a safety-sensitive job. So requiring someone to be able to safely do their job is an essential function here. []
>
> Now in his state, with the risk that he has, with his doctor's evaluation, there's simply no way he can show he can perform these essential functions of the job.

(Closing Argument Tr. at 63:17-64:4, 65:9-11, ECF No. 489.)

This argument, coupled with the jury instruction's omission of the proper burden on safety, constituted plain error. *See* Fed. R. Civ. P. 51(d)(2). Plaintiff is therefore entitled to a new trial on this basis as well. *See Kelly v. Armstrong*, 141 F.3d 799, 803 (8th Cir.1998) (new trial granted

9

where instructions did not provide proper burden); *see also Moussa v. Commonwealth of Pa. Dept. of Pub. Welfare*, 289 F. Supp. 2d 639, 663 (W.D. Pa. 2003) (granting new trial because jury instructions allowed jury to rely on improper inferences about comparator evidence as applied to Plaintiff's burden of proving prima facie case).

### III. CONCLUSION

Plaintiff is entitled to a new trial because the overwhelming evidence supports that Plaintiff proved his prima facie case of record of and perceived disability discrimination, and that the jury improperly applied the burden of proof on safety to conclude otherwise. This, compounded by the plain error in argument by counsel and the lack of a provision in the instructions that Plaintiff did not have a burden to prove he was safe, warrants a new trial. Plaintiff respectfully requests that the Court grant Plaintiff's motion and order a new trial by jury on Plaintiff's record of and perceived disability claims of intentional discrimination.

Date: October 14, 2022              **NICHOLS KASTER, PLLP**

s/James H. Kaster
James H. Kaster* (MN #53946)
    kaster@nka.com
Charles A. Delbridge* (MN #386639)
    cdelbridge@nka.com
Neil D. Pederson* (MN #0397628)
    npederson@nka.com
80 South Eighth Street
4700 IDS Center
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Fax: (612) 338-4878

*admitted in D. Neb.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum of law complies with Local Rule 7.1(d)(3). I further certify that in preparing this memorandum, I used Microsoft Word OneDrive and that this word processing program has been applied specifically to include all text, including the caption, headings, footnotes, and quotations, in the following word count. The above-referenced memorandum contains 3,108 words.

s/James H. Kaster<br>
James H. Kaster

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Scott Parrish Moore
Allison D. Balus
David E. Kennison

s/James H. Kaster<br>
James H. Kaster